IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GARY W. SGOUROS, on behalf of himself and all others similar situated<br><br>Plaintiff,<br><br>v.<br><br>TRANSUNION CORP., TRANS UNION LLC, and TRANSUNION INTERACTIVE, INC.<br><br>Defendants. | No. 14-cv-1850<br><br>Judge James B. Zagel |

## DEFENDANTS' MOTION TO COMPEL ARBITRATION

Defendants TransUnion Corp., Trans Union LLC and TransUnion Interactive, Inc. ("Defendants"), by their undersigned counsel, hereby moves this Court pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, to enter an order compelling plaintiff Gary W. Sgouros ("Plaintiff") to arbitrate his claims on an individual basis and dismissing this action. In support of their Motion Defendants submit the accompanying Memorandum of Law and supporting Declaration, which are herein incorporated by reference, and state as follows:

1. This is a putative class action brought by Plaintiff alleging that Defendants violated the Fair Credit Reporting Act, the Illinois Consumer Fraud and Deceptive Business Act, and the Missouri Merchandising Practices Act in connection with the marketing of a bundle of products described as 3-in-1 Credit Reports, Credit Scores & Debt Analysis to Plaintiff.

2. Plaintiff purchased the products from Defendant TransUnion Interactive, Inc. through its website on June 10, 2013. Before he made his purchase, he agreed to the terms and conditions of the Service Agreement, the text of which was displayed on the website. (*See* Declaration of Kate Anderson (attached to the accompanying supporting memorandum of law).)

3. The Service Agreement included an arbitration provision that expressly required Plaintiff to resolve any dispute he may have with Defendant TransUnion Interactive, Inc. or Defendant Trans Union LLC arising out of or relating to his purchase.

4. In addition, the Service Agreement's arbitration provision contains a provision requiring Plaintiff to pursue his claims on an individual basis, not on behalf of a putative class. Accordingly, under the Federal Arbitration Act and the Service Agreement, the Court should enforce that class action waiver.

5. Plaintiff must also arbitrate his claims (on an individual basis) against Defendant TransUnion Corp. (a nonsignatory of the Service Agreement) because his Complaint raises allegations of substantially interdependent and concerted misconduct by TransUnion Corp. and the signatories to the Service Agreement.

6. Further, as explained in Defendants' pending Motion to Dismiss [D.E. #14],[1] this Court should dismiss rather than stay the pending lawsuit, since this Court is not the proper venue for this action and all of Plaintiff's claims are subject to arbitration. Defendants request that the Court not rule on this Motion, until it rules on the Motion to Dismiss on September 30, 2014.

7. Accordingly, because Plaintiff entered into a binding and enforceable contract requiring him to arbitrate any dispute relating to his purchase of the product at issue, and because he has alleged that Defendant TransUnion Corp. engaged in substantially interdependent and

---

[1] Defendants' filing of the motion to dismiss was not a waiver of their right to bring this motion to compel arbitration. *See Kawasaki Heavy Indus., Ltd. v. Bombardier Rec. Prods., Inc.*, 660 F.3d 988, 995-96 (7th Cir. 2011) ("a party does not waive its right to arbitrate by filing a motion to dismiss) (citing *Faulkenberg v. CB Tax Franchise Sys.*, 637 F.3d 801, 807 (7th Cir. 2011) and *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004)); *Jezek v. Carecredit, LLC*, No. 10 C 7360, 2011 WL 2837492, at *5 (N.D. Ill. Jul. 18, 2011).

concerted misconduct, this Court should compel Plaintiff to arbitrate his claims on an individual basis and dismiss this action.

**WHEREFORE**, for the reasons stated herein and as set forth more fully in the accompanying Memorandum of Law, Defendants TransUnion Corp., Trans Union LLC and TransUnion Interactive, Inc. respectfully request that the Court, after ruling on the Defendants' Motion to Dismiss, enter an order (i) requiring Plaintiff Gary W. Sgouros to arbitrate his claims on an individual basis, (ii) dismissing this lawsuit, and (iii) granting such other relief as this Court deems just and proper.

Dated:  July 18, 2014

Respectfully submitted,

TRANSUNION CORP., TRANS UNION LLC, and TRANSUNION INTERACTIVE, INC.

By: s/ Michael O'Neil
      One of Their Attorneys

Michael O'Neil (ARDC# 6201736)
David Z. Smith (ARDC # 6256687)
Timothy R. Carraher (ARDC # 6299248)
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606
(312) 207-1000
(312) 207-6400 (fax)
michael.oneil@reedsmith.com
dzsmith@reedsmith.com
tcarraher@reedsmith.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, states that on July 18, 2014, the foregoing DEFENDANTS' MOTION TO COMPEL ARBITRATION was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to attorneys of record.

                                        Respectfully submitted,

                            By:    s/ Michael O'Neil
                                        Michael O'Neil (ARDC# 6201736)
                                        REED SMITH LLP
                                        10 South Wacker Drive, 40th Floor
                                        Chicago, IL 60606
                                        Telephone: (312) 207-1000
                                        Fax: (312) 207-6400
                                        michael.oneil@reedsmith.com